UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ARTURO VALVERDE, on Behalf of Himself and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| V. | § § § | CIVIL ACTION NO. : 3:17-cv-21<br>JURY TRIAL DEMANDED |
| CAJUN CONSTRUCTORS, LLC and CAJUN INDUSTRIES LLC, | § § § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## COLLECTIVE ACTION & JURY DEMAND

1.     Defendant Cajun Constructors, LLC and Cajun Industries LLC (collectively "Defendants") required Plaintiff Arturo Valverde ("Plaintiff") to work more than forty hours in a workweek without overtime compensation. Defendants misclassified Plaintiff and other similarly situated workers throughout the United States as exempt from overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2.     Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours worked in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "FLSA Class Members."

1

## SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District because Defendants conduct a significant portion of their business in this District and many of the wrongs herein alleged occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff Arturo Valverde is an individual residing in Navarro County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A." Plaintiff performed work for Defendants within the last three years for which he did not receive the FLSA's required overtime.

6. The FLSA Class Members are all current and former concrete laborers, and all employees in substantially similar positions, that worked at any time during the three-year period before the filing of this Complaint.

7. Defendant Cajun Constructors, LLC is a limited liability company organized under the laws of Delaware. Defendant may be served process through its registered agent Corporation Service Company, 211 E. 7th Street Suite 620, Austin, Texas 78701.

8. Defendants' Cajun Industries LLC is a limited liability company organized under the laws of Delaware. Defendant may be served process through its registered agent Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, LA 70802.

## COVERAGE

9. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

10. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

11. At all material times, Defendants have been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

12. Furthermore, Defendants have an annual gross business volume of not less than $500,000.

13. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

## FACTS

14. Defendant Cajun Constructors, LLC is one of the nation's leading general contractors, servicing multiple markets including energy and chemicals, federal and municipal, water quality, marine, industrial manufacturing, and industrial and commercial buildings.

15. Defendant Cajun Constructors, LLC is a wholly owned subsidiary of Defendant Cajun Industries, LLC. There is common management between the two Defendants, including common officers and a common board of directors.

16. Defendant Cajun Industries, LLC controls the operations of Defendant Cajun Constructors, LLC by overseeing and managing the activities of its subsidiary company. The management staff that is employed by Defendant Cajun Industries, LLC supervises the work of the employees of Defendant Cajun Constructors, LLC.

17. Both Defendants represent to the world that that are unified company through a common website: http://www.cajunusa.com/

18. Defendants have multiple office throughout the Gulf Coast region, including offices in LaPorte, Texas, Baton Rouge, Louisiana, Abbeville, Louisiana, and Port Allen, Louisiana.

19. Plaintiff worked for Defendants as a concrete laborer from approximately July of 2005 until November of 2016. Plaintiff's nominal job title with Defendants was assistant supervisor, although his work involved neither supervisor nor hiring or firing.

20. Plaintiff performed work for Defendants at multiple job sites throughout Texas and Louisiana.

21. As a concrete laborer, Plaintiff worked long hours in arduous conditions outdoors. His primary duties involved pouring concrete, including pouring concrete for levy construction and for building foundations.

22. Concrete laborers commonly work in excess of 12 hours each day.

23. Concrete laborers usually work five to six days each week.

24. Concrete laborers are paid a salary for their labor and do not receive overtime for their work in excess of 40 hours per week.

25. No exemption in the FLSA law shelters Defendants from paying overtime to its concrete laborers.

26. Concrete laborers do not supervise other employees or manage a customarily recognized department of Defendants' company. In fact, for every job to which Plaintiff was assigned, he was not even the most senior laborer on the job site.

27. Concrete laborers have no authority to hire or fire other employees.

28. Concrete laborers are field employees, not office employees. The perform work related to Defendants' core business, not the management of the company's operations.

29. The primary duty of concrete laborers does not require independent judgment or discretion. Instead, concrete laborers perform rote physical labor outdoors.

30. The FLSA's regulations even provide that the type of "blue collar" work performed by workers such as concrete laborers is not exempt work. *See* 29 C.F.R. § 541.3(a) (noting the FLSA exemptions "do not apply to manual laborers or other "blue collar" workers who perform work involving repetitive operations with their hands, physical skill and energy").

31. Despite these facts, Defendants misclassified their concrete laborers as exempt from overtime pay, and instead, of paying overtime, simply paid a flat salary. For much of his employment, Plaintiff was paid approximately $1,500 a week in salary.

32. As a result of Defendants' pay policies, Plaintiff and other concrete laborers were denied overtime pay.

33. Defendants knew, or showed reckless disregard for whether Plaintiff and the other concrete laborers were entitled to overtime pay under the law.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

34. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

35. Defendants' practice of failing to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

36. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendants, Plaintiff, or the FLSA Class Members.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

38. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendants' misclassification of their employees.

39. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendants. Plaintiff personally worked with other laborers under the same compensation structure at multiple job sites for Defendants.

40. Other workers similarly situated to the Plaintiff worked for Defendants throughout the United States, but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

41. Although Defendants permitted and/or required FLSA Class Members to work in excess of forty (40) hours in a workweek, Defendants denied them full compensation for their hours worked over forty (40).

42. Defendants misclassified and continues to misclassify FLSA Class Members as exempt employees.

43. Defendants employ at least 20 other manual laborers with the same job title as Plaintiff who were paid a salary and no overtime.

44. FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt by Defendants.

45. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

46. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees and/or the denial of overtime pay.

47. Defendants' failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of any FLSA Class Member.

48. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of the FLSA Class Members.

49. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

50. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

51. Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all FLSA Class Members.

52. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and former salaried concrete laborers or assistant supervisors, and all employees with substantially similar duties, who worked for Defendants at any time during the three-year period before the filing of this Complaint.

## **JURY DEMAND**

53. Plaintiff and Class Members hereby demand trial by jury on all issues.

## **PRAYER**

54. For these reasons, Plaintiff prays for:

a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all concrete laborers and all similarly situated employees to permit them to join this action by filing a written notice of consent;

b. A judgment against Defendants awarding Plaintiff and the FLSA Class Members all their unpaid overtime compensation and liquidated damages;

c. An order awarding attorneys' fees and costs;

      d. Such other and further relief as may be necessary and appropriate.

                                    Respectfully submitted,

                                    By: /s/ Beatriz Sosa-Morris
                                    Beatriz-Sosa Morris
                                    SOSA-MORRIS NEUMAN
                                    ATTORNEYS AT LAW
                                    BSosaMorris@smnlawfirm.com
                                    Texas State Bar No. 24076154
                                    5612 Chaucer Drive
                                    Houston, Texas 77005
                                    Telephone: (281) 885-8844
                                    Facsimile: (281) 885-8813

                                    LEAD ATTORNEY IN CHARGE FOR PLAINTIFF
                                    AND CLASS MEMBERS

OF COUNSEL:
John Neuman
JNeuman@smnlawfirm.com
State Bar No. 24083560
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813